UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT FIEDLER,**

        **Plaintiff,**

v.   Case No.  6:23-cv-2083-CEM-RMN

**MICHAEL RUDISILL; NANCY BRANDT; GINGER BOYD; LISSETTE MARTINEZ; MARK STEINER; ALANNAH L. SHUBRICK; BOGIN MUNNS & MUNNS P.A.; NELSON MULLINS RILEY & SCARBOROUGH LLP.; LIEBLER, GONZALEZ & PORTUONDP; and BURR & FORMAN,**

        **Defendants.**

/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Proceed *In Forma Pauperis* ("Motion to Proceed IFP," Doc. 2). The Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 8), recommending that the Motion to Proceed IFP be denied and the case be dismissed. Plaintiff filed an Objection to the R&R (Doc. 12). This cause is also before the Court on Plaintiff's Objection (Doc. 22) to the Magistrate Judge's Order (Doc. 21), which denied Plaintiff's Motion to Withdraw his Motion to Proceed IFP ("Motion to Withdraw," Doc. 20). Finally, this

cause is before the Court upon *sua sponte* review of the Amended Complaint (Doc. 13), which was filed in response to the R&R.

In his original Complaint, Plaintiff asserts a § 1983 claim against Defendants, alleging that they committed misconduct in a State judicial proceeding. (*See generally* Compl., Doc. 1). In issuing the R&R on Plaintiff's Motion to Proceed IFP, the Magistrate Judge recommended denying that motion and dismissing this case pursuant to the doctrine of judicial immunity, Florida's litigation privilege, failure to state a claim under 42 U.S.C. § 1983 because the lawyers are not acting under color of state law, and the *Rooker-Feldman* doctrine. (*See generally* Doc. 8). Plaintiff filed an Objection to the R&R (Doc. 12), an Amended Complaint (Doc. 13), and then filed the Motion to Withdraw (Doc. 21). The Magistrate Judge issued an Order denying the Motion to Withdraw because Plaintiff had not yet paid the filing fee. Plaintiff filed an Objection (Doc. 22) to that Order and subsequently paid the filing fee. Thus, the Motion to Proceed IFP is moot.

Even though Plaintiff has paid the filing fee, the issues addressed in the R&R were fully briefed and are not moot. Furthermore, the Amended Complaint does not resolve the problems addressed in the R&R, and therefore, this case is due to be dismissed. Plaintiff's Amended Complaint also appears to be brought under 42 U.S.C. § 1983 for violation of the due process and equal protection clauses of the Fourteenth Amendment. (Doc. 13 at 3). Plaintiff also alleges jurisdiction under 42 U.S.C. § 1985. (*Id.*). However, he still provides no further explanation as to how that

Section applies to the facts here. (*See* Doc. 8 at 9 n.4 ("Plaintiff writes in his form Complaint that he is suing under 42 U.S.C. § 1985(3), however, it is entirely unclear how this subsection applies to the facts alleged in the Complaint.")).

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir.2000) (internal quotation marks omitted). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Judges act in clear absence of all jurisdiction when they act without subject matter jurisdiction. *Murphy v. Stacy*, 809 F. App'x 677, 682 (11th Cir. 2020). There are no allegations that even suggest that Judge Rudisill acted in the clear absence of all jurisdiction. And contrary to Plaintiff's unsupported assertion that judicial immunity does not apply to state court judges, it plainly does. *See Austin v. Judge*, 851 F. App'x 173, 175 (11th Cir. 2021) (affirming dismissal of *pro se* complaint against state court judges on grounds of absolute judicial immunity).

If Plaintiff is attempting to sue Judge Rudisill in his official capacity as Plaintiff contends, (Doc. 12 at 4), then—as the Magistrate Judge correctly noted—

Plaintiff may not do so to the extent that the claims are for monetary damages. (*See* Doc. 8 at 7 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989))). The Amended Complaint seeks injunctive relief against Judge Rudisill, which appears to be in the form of "the enforcement of attorney fees." (Doc. 13 at 5). This immunity also extends to injunctive relief. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Because there is no indication a declaratory decree was violated or declaratory relief was unavailable, Judge Rudisill is entitled to judicial immunity.

Because this case was brought under § 1983, the defendant must act under color of state law. "To act 'under color of state law' under section 1983, a deprivation must involve a state actor." *Hernandez v. Echarte*, No. 24-11488, 2024 U.S. App. LEXIS 23823, at *3 (11th Cir. Sept. 19, 2024) (quoting *Charles v. Johnson*, 18 F.4th 686, 694 (11th Cir. 2021)). "A private person may be considered a state actor if they willfully participated in a joint act with the state or its agents." *McGraw v. Banko*, No. 22-12987, 2023 WL 7039511, at *1 n.1 (11th Cir. Oct. 26, 2023). However, there are no allegations that Defendants Brandt, Boyd, Martinez, Steiner, and Shubrick—who are privately employed lawyers ("Lawyer Defendants")—conspired with Judge Rudisill, the only possible state actor among Defendants, to harm Plaintiff. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the

courts and being on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge."). In fact, as the Magistrate Judge observed, all that is alleged is that "Lawyer Defendants filed motions and participated in other legitimate litigation functions." (Doc. 8 at 10). That remains so in the Amended Complaint. Therefore, Plaintiff has failed to state a claim against Lawyer Defendants.

Although the Amended Complaint is substantially identical to the original Complaint, it adds four Defendants—all law firms ("Firm Defendants"). (Doc. 13 at 8). It is unclear what all Plaintiff alleges against Firm Defendants. But as to liability under § 1983, there is no indication that Firm Defendants conspired with Judge Rudisill against Plaintiff, so they cannot act under color of state law. *See McGraw*, 2023 WL 7039511, at *1 n.1. Plaintiff does allege vicarious liability against Firm Defendants for the actions of their employees—the lawyers previously listed. (Doc. 13 at 13–14). However, because Lawyer Defendants cannot be held liable for the underlying alleged wrong, neither can Firm Defendants. *See Am. Home Assur. Co. v. Nat'l R.R. Passenger Corp.*, 908 So. 2d 459, 468 (Fla. 2005) ("The vicariously liable party has not breached any duty to the plaintiff; its liability is based solely on the legal imputation of responsibility for another party's tortious acts."). So, Plaintiff has also failed to state a claim against Firm Defendants. Therefore, the Amended Complaint will be dismissed.

In accordance with the forgoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Insofar as the Report and Recommendation (Doc. 8) recommends that the Motion to Proceed IFP (Doc. 2) be denied, it is **DENIED as moot**. Insofar as the Report and Recommendation (Doc. 8) recommends that the Complaint be dismissed, it is **ADOPTED** in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72 and made a part of this Order.

2. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is **DENIED as moot**.

3. Plaintiff's Objection (Doc. 22) to the Magistrate Judge's Order (Doc. 21) is **OVERRULED**.

4. The Amended Complaint (Doc. 13) is **DISMISSED**.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party